### . Miller *vs.* Redwine *et al.*

Equity, from Fulton. Trusts and Trustees. Mortgages. Liens. Powers. Interest and Usury. (Before Judge Hammond.)

Blandford, J.—1. A trustee is invested with sufficient power to execute the trust, and in order to determine the power of the trustee, the court will look into the character of the trust estate. Therefore, where a will bequeathed to a married woman and her children a lease held by the testatrix on a hotel and also the furniture contained therein and all the live stock about said hotel and all the accounts and debts of every kind and real and personal property belonging to said testatrix at the time of her death, and appointed the husband of the married woman, who was the son of the testatrix, as executor, "to carry into effect my wishes as above expressed," and concluded thus: "I also appoint Ebenezer T. White, trustee, to hold said property for the said Sallie A. White and her children, with the right to sell said property and reinvest the same for the benefit of his cestuis que trust at any time, without an order of court for that purpose:"

Held, that the trustee had power to mortgage the trust property to raise money to carry on the hotel business. Code, §2340; 2 Kelly, 383.

2. Where the trustee purchased furniture for the trust estate from one Miller, and was to execute a writing whereby Miller was to retain the goods until they were paid for, but this was not done, and where the wife indivdually purchased furniture from one Snook, and agreed to give him a writing whereby he was to retain the title until the goods were paid for, and where a mortgage was made to one Redwine, covering both the trust property and the property bought by the wife, and two mortgages were made to one Ricks, covering the trust property, and on the final hearing of the bill to distribute the fund arising from the sale of the property, it was decreed that Redwine should first be paid, and no exception to this was taken, and it was held that the mortgage liens of Ricks were valid as to the trust property :

Held, that Snook, having sold to the wife individually, had no equitable claim upon the proceeds of the furniture sold by Miller to the trustee, and a judgment therefor for in favor of Snook against Miller was erroneous.

3. Held, further, that the last mortgage of Ricks should have been purged of all usury, and reduced to the amount of money loaned by him to the trustee.

Judgment reversed, with directions.

L. W. Thomas; Abbott & Smith, for plaintiff in error.

W. I. Heyward; Hoke & Burton Smith; A. M. Speer; Haygood & Martin, for defendant.